IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GAIL KAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 0368 |
| v. | ) | |
| | ) | Judge Charles R. Norgle |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

### DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Chicago Board of Education of the City of Chicago ("Board") by its attorneys General Counsel Patrick J. Rocks and Assistant General Counsel Kristin Lion, hereby moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) and in support hereof states as follows:

#### Introduction

On January 23, 2006, plaintiff filed a four count complaint against the Board. Count I of the complaint alleges that the Board breached a settlement agreement. Count II alleges that the Board violated plaintiff's constitutional rights under 42 U.S.C. 1983 by retaliating against plaintiff. Count III asserts a claim for equitable recovery against the Board under a theory of quantum meruit. Count IV asserts a separate equitable claim for "unjust enrichment," "restitution" and "estoppel." However, the complaint is legally deficient in that the allegations of the complaint, even if taken as true, do not state a valid cause of action as to any of the four counts.

A.  **Factual Allegations.**

Plaintiff alleges generally that from August 1997 through June 2004 she performed the duties of a classroom teacher at Walt Disney Magnet School ("Disney") which was under the management and control of the Board. (*See Exhibit "1,"* Plaintiff's Complaint ¶45). Plaintiff further alleges that she obtained said position as a result of a settlement agreement which resolved a Section 1983 Lawsuit against the Board. (*See* Plaintiff's Complaint ¶¶22-25). The complaint alleges that at no time during the relevant time period, was she paid for her services by the Board. (*See* Plaintiff's Complaint ¶48). Plaintiff seeks recovery from the Board for pay and benefits covering the relevant time period.

## I. Argument

B.  **Rule 12 (b) (6) Standard.**

A complaint should be dismissed if it appears clear that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). In deciding a motion to dismiss, the court must treat all well-pleaded factual allegations in the complaint as true and must draw all reasonable inferences from those allegations in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 62 F.3d 967, 972 (7th Cir. 1995). The court need not strain, however, to find inferences favorable to the plaintiff which are not apparent on the face of the complaint. It is not required to ignore facts set forth in a complaint which undermine plaintiff's claim, *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992), nor to

accept legal conclusions alleged or inferred from the pleaded facts. *Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1599 (7th Cir. 1991). Further, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preener*, 967 F.2d 1166, 1168 (7th Cir. 1991), *cert denied*, 605 U.S. 893, 113 S.Ct. 267 (1992).

**C.  Plaintiff fails to adequately claim a breach of the settlement agreement.**

Plaintiff's allegations are insufficient to state a breach of settlement agreement claim. The elements of a breach of contract are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff. *Henderson-Smith & Assoc., Inc. v. Nahamani Family Serv. Ctr., Inc.* 323 Ill App. 3d 15, 26, 752 N.E.2d 33, 43 (1st Dist. 2001). Plaintiff does not sufficiently allege the provisions of the contract which plaintiff asserts were violated.

**D.  Plaintiff cannot establish that the Board violated her constitutional rights by retaliating against her pursuant to a policy, practice or custom.**

Plaintiff's allegations are insufficient to state a constitutional claim against the Board under *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). The allegations against the Board are contained in paragraphs 62-66 of the complaint. These allegations, as a matter of law, do not satisfy the pleading standard necessary to establish Board liability. In order to recover against a school board under Section 1983, plaintiff must show that the constitutional violation resulted from either: (1) an express policy of the district;

(2) a widespread practice or custom within the district; or (3) the actions of a person with final policymaking authority. 436 U.S. at 690, 696; *see also Looper Maintenance Serv. v. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1998). The pleadings in this case do not satisfy any of the three methods required to establish policy.

First, there are no allegations of an express policy or established practice by the Board of retaliating against its employees for filing Section 1983 claims. Second, there are no allegations of a "widespread custom, policy or practice" that plaintiff has alleged, if true, is not unconstitutional. In paragraph 65 of the complaint, plaintiff alleges: "The Board knowingly and intentionally failed to redress and correct its failure and refusal to pay Plaintiff or make payments on her behalf as retaliation for Plaintiff having brought the Section 1983 lawsuit in the first place in which she alleged that the Board violated Plaintiff's First Amendment Free Speech rights". This allegation is legally insufficient, and does not rise to the level of articulating a specific policy or official pronouncement of the Board. *Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316 (7th Cir. 1992).

Turning to the third method for establishing policy, the court looks to Illinois law to determine what persons within the Chicago Public School system have authority to manage and otherwise oversee the administration of the school. *Harris v. City of West Chicago*, No. 01C7527, 2002 U.S. Dist. Lexis 16579 (N.D. Ill. Aug. 30, 2002), attached as Exhibit 2, (school district's motion to dismiss

4

granted where high school students were unable to establish a policy claim). Under Illinois law, final policymaking authority in regards to the management and rules enforced by a public school district is vested in the Board of Education. 105 ILCS 5/10-20.5. (2004). Here, plaintiff fails to allege any actions by a person with policy-making authority which led to retaliation against the plaintiff and caused a constitutional violation. *Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998) (bare allegations are not enough to show a superintendent, principal, business manager or director of building and grounds had final policymaking authority). "The mere fact that an official has discretionary (and final) authority to make a decision does not necessarily mean that he or she was a 'policymaker' with respect to that decision." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

In sum, plaintiff is unable to establish a policy claim against the Board under any of the three methods, warranting dismissal of Count II of her complaint against the Board.

E.  **Plaintiff's request for equitable relief fails because there is an adequate remedy at law.**

Count III of the complaint asserts a claim based on quantum meruit. Quantum meruit is an equitable claim which requires that the plaintiff allege the following elements: (1) she performed a service of benefit to the Board; (2) she performed the service non-gratuitously; (3) the Board accepted her service; and

5

(4) no contract existed to prescribe payment of the service. *Owen Wagener v. U.S. Bank*, 297 Ill. App. 3d 1045, 1053, 697 N.E.2d 902, 908 (1st Dist. 1998).

In count IV of plaintiff's complaint she asserts a claim based on restitution, unjust enrichment, and estoppel, all equitable claims. For an unjust enrichment claim, plaintiff is required to alleged the following elements: (1) that a benefit was conferred on a defendant; (2) defendant's knowledge or appreciation of that benefit; and (3) that the inequity that results from defendant's retention of the benefit. *Beer Capital Distrib. Inc. v. Guinness Bass Import Co.*, 290 F.3d 877, 880, (7th Cir. 2002). For the estoppel claim plaintiff must assert that: (1) there was a promise; (2) on which the promisor should reasonably expect to induce action for forbearance; (3) which did induce such action or forbearance; and (4) that injustice can be avoided by only enforcement of that promise. *See id.* As for restitution, when one party to a contract repudiates that contract, the other party is entitled to restitution for any benefit that he has conferred on the repudiating party by way of part performance or reliance. *Mobil Oil Exploration & Producing Southeast, Inc. v. U.S., et al.*, 530 U.S. 604, 607 (U.S. 2000).

Plaintiff's complaint alleges that she was entitled to salary and benefits payable according to the terms of a collective bargaining agreement between the Chicago Teachers Union and the Board. (*See* Plaintiff's Complaint ¶70). The complaint further sets forth the precise terms of pension benefits to which plaintiff claims to be entitled. (*See* Plaintiff's' Complaint ¶52). Since plaintiff's complaint alleges specifically the contractual provisions pursuant to which she is

6

seeking recovery, she has an adequate remedy at law and her assertion of equitable claims is inappropriate. *Donnelli v. Peters Sec. Co., et al.*, No. 02 C 0691, 2002 U.S. Dist. Lexis 16305, 17 (N.D. Ill., Aug. 28, 2002), attached as Exhibit 3. Similarly, plaintiff's restitution claim should also be dismissed as restitution is unavailable where an express contract governs the parties' relationship and where that is an adequate remedy at law. *Gadsby v. Norwalk Furniture Corp.*, 71 F.3d 1324, 1333 (7th Cir. 1995). Additionally, plaintiff's estoppel claim should also be dismissed as there is an express contract that governs the parties' relationship. *Beer Capitol Distrib., Inc.* at 880.

## Conclusion

Plaintiff's breach of contract action does sufficiently allege the provisions of the contract which plaintiff asserts were violated. Plaintiff has not adequately pled a policy claim against the Board. Finally, plaintiff is not entitled to assert equitable claims when there is an adequate remedy at law. Under these circumstances and for all the reasons cited above, plaintiff's complaint should be dismissed.

**Dated:** March 13, 2006

                      Respectfully submitted,

                      PATRICK J. ROCKS,
                      General Counsel


               By: /s/ Kristin A. Lion
                   KRISTIN A. LION
                   Assistant General Counsel
                   Board of Education of the City
                   of Chicago - Law Department
                   125 South Clark Street, Suite 700
                   Chicago, IL 60603

Sherri L. Thornton, Associate General Counsel - Litigation Division